IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY L. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-12-1030-M |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, who appears *pro se*, filed this action on September 14, 2012. In his Complaint, Plaintiff requests pursuant to 42 U.S.C. § 405(g) that the Court enter judgment in his favor with respect to his application for disability benefits. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Defendant Commissioner has moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Because it is clear from the face of the Complaint that this Court lacks jurisdiction to proceed, a response to Defendant's Motion to Dismiss is waived. LCvR 1.2(c). For the following reasons, it is recommended that the Motion to Dismiss be granted and the cause of action dismissed for lack of subject matter jurisdiction.

Taking judicial notice of the Court's own records, Plaintiff filed a previous action in

this Court, Gibbs v. Barnhart, Case No. CIV-05-1189-M, in which he sought judicial review of a partial denial of his applications for disability insurance and supplemental security income benefits by the Social Security Administration ("agency"). Defendant Commissioner moved for entry of a judgment reversing its administrative decision and remanding the case to the agency for further administrative proceedings pursuant to sentence four of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g), because the agency was unable to locate certain records in Plaintiff's previous administrative proceedings. In an Order and Judgment entered March 21, 2011, the Court granted the Commissioner's motion, reversed the decision of the Commissioner, and remanded the case for further administrative proceedings.

Plaintiff appealed this decision, arguing that the district court erred in ordering the sentence four remand. In an order and judgment issued December 1, 2011, the Tenth Circuit Court of Appeals set forth the lengthy procedural history relevant to Plaintiff's disability applications. Gibbs v. Astrue, 449 Fed.Appx. 744, 2011 WL 6000508 (10th Cir. Dec. 1, 2011)(unpublished order), cert. denied, __ U.S. __, 132 S.Ct. 1927 (2012).

Regarding Plaintiff's first argument to the appellate court challenging the remand order because the agency previously issued a "fully favorable" administrative "decision" on January 17, 1996, the appellate court found

> [t]he district court was not required to give this 1996 "decision" preclusive effect because Gibbs was estopped from asserting that he was disabled as of 1996. A May 28, 1997 ALJ decision considered - and denied - that Gibbs was disabled from 1992 to 1997. This decision was upheld upon judicial review by both a district court and this circuit. Under the doctrine of collateral estoppel, factual issues cannot be relitigated between the same

> parties in any future lawsuit following a final judgment. <u>United States v. Rogers</u>, 960 F.2d 1501, 1508 (10th Cir. 1992). Because Gibbs previously had a chance to litigate the question of his disability in 1996, and that question was fully adjudicated on the merits, he is now foreclosed from reopening that issue. <u>Lombard v. Axtens</u>, 739 F.2d 499, 502 (10th cir. 1984).

<u>Id.</u> at 746. The court then concluded that the district court did not err in reversing and remanding the administrative decision and affirmed this Court's Judgment. <u>Id.</u> at 746-747.

In the instant Complaint, Plaintiff asserts that a "further administrative proceeding" concerning his applications for benefits is "useless" and his "administrative remedies should have been exhausted" when he was offered "the opportunity for a hearing . . . to determine the propriaity [sic] of the Social Security Administration dated decision of January 17th, 1996 entered in the record . . . ." Plaintiff requests that judgment be entered in his favor "notwithstanding the prior" remand order in light of the "fully favorable 1996 decision. . . ."

Plaintiff concedes in his Complaint that he has received a notice from the agency dated July 18, 2012, of an "administrative proceeding." Complaint, at 4. In a Notice of Hearing dated July 18, 2012, Plaintiff was advised by the agency that a hearing would be conducted on October 10, 2012, in the remanded administrative proceeding. Defendant's Motion, Ex. 1. Nothing in the record or the parties' pleadings reflects that the agency has issued a final decision in the remanded administrative proceeding.

Plaintiff appears to be alleging that despite the previous Judgment remanding his case to the agency and despite the fact that administrative proceedings on remand are still pending

this Court should find he is not required to exhaust his administrative remedies and should instead grant him disability benefits.

Judicial review under 42 U.S.C. § 405(g) is limited to "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party." As the Supreme Court has explained, 42 U.S.C. § 405(g) "bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the [Commissioner] after a 'hearing.'" Mathews v. Eldridge, 424 U.S. 319, 328 (1976). The statute "clearly limits judicial review to a particular type of agency action" and, in the absence of a challenge to the Commissioner's decision on constitutional grounds, precludes review of administrative proceedings which end without a hearing. Califano v. Sanders, 430 U.S. 99, 108-109 (1977).

Section 405(g) does not define the term "final decision" and therefore "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975). The pertinent regulations prescribe that a decision by the Commissioner is not "final" for jurisdictional purposes until the claimant has exhausted his administrative remedies, which include a hearing before an administrative law judge and review by the agency's Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

A claimant may be excused from the exhaustion requirement when "(1) full exhaustion would be futile, (2) he has suffered irreparable harm, and (3) he states a colorable constitutional claim that is collateral to his substantive claim of entitlement." Marshall v. Shalala, 5 F.3d 453, 455 (10th Cir. 1993). Although Plaintiff asserts in the Complaint that the agency has deprived him of due process, Complaint, at 3, he admits that he has received

notice of an administrative hearing in the remanded case.  Due process requires only "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to [be heard]." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  In light of Plaintiff's admission that he has received the agency's notice of hearing, no constitutional issue with respect to Plaintiff's entitlement to disability benefits is raised on the face of the Complaint.

Plaintiff has not alleged a colorable constitutional claim.  Nor has he shown that exhausting his administrative remedies would be futile or that he would suffer irreparable harm if required to satisfy the agency's exhaustion requirement.  To the extent Plaintiff argues that he is entitled to benefits as a result of a "fully favorable 1996 decision," he is estopped from asserting disability beginning in 1996.  Gibbs v. Astrue, 449 Fed.Appx. at 746.  Because this Court lacks subject matter jurisdiction over this action, Defendant's Motion to Dismiss should be granted and the action dismissed without prejudice to refiling after Plaintiff's administrative remedies have been exhausted.

RECOMMENDATION

In view of the foregoing findings, it is recommended that Defendant Commissioner's Motion to Dismiss (Doc. # 14) be GRANTED and the cause of action be DISMISSED without prejudice for lack of subject matter jurisdiction.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before        December 17th , 2012, in accordance with 28 U.S.C. § 636 and Fed.

R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ____27th____ day of ____November____, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE